# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| CRAIG HERMAN GOODWIN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV416-132 |
| | ) | CR408-315 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Having pled guilty to, and been sentenced for, conspiracy to possess with intent to distribute and to distribute cocaine, (doc. 856 (plea agreement)[1], doc. 887 (judgment)), Craig Goodwin moves under 28 U.S.C. § 2255 for resentencing absent a career offender sentencing enhancement. Doc. 1568. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be denied.

Goodwin's Presentence Investigation Report (PSR) deemed him a career offender under U.S.S.G. § 4B1.1, based on prior convictions for

---

[1] All citations are to the criminal docket unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

cocaine possession with intent to distribute and felony fleeing to elude law enforcement. PSR ¶ 23. After adopting the PSR, the Court sentenced him to 163 months' imprisonment. Doc. 887 (entered December 15, 2009). Because he never appealed, Goodwin's conviction became final on December 29, 2010. Fed. R. App. P. 4(b)(1)(A) (criminal defendants must file a notice of appeal within 14 days of the entry of judgment).

Goodwin filed the instant § 2255 motion more than five years later. Doc. 1568 at 12 (filed June 2, 2016). He argues that *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), eliminates his fleeing to elude conviction as a predicate offense for his 4B1.1 enhancement, and thus that he no longer qualifies as a career offender. Doc. 1569 at 4. He premises his motion's timeliness on *Johnson* retroactively applying to his case. *See* 28 U.S.C. § 2255(f)(3); *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (*Johnson* is a new substantive rule and thus applies retroactively to cases on collateral review).

The Armed Career Criminal Act ("ACCA") -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18

U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* found that "residual" clause so vague as to violate due process. *See* 135 S. Ct. at 2557.

The Sentencing Guidelines career offender enhancement's "crime of violence" definition includes the same vague residual clause that *Johnson* found unconstitutional. U.S.S.G. § 4B1.2(a)(2). If (1) *Johnson*'s animating logic applies to the Guidelines, and (2) Goodwin's fleeing to elude conviction qualifies as a "crime of violence" under § 4B1.1's residual clause, his career offender enhancement is unconstitutional.

At least in this circuit, *Johnson* does not apply to the Guidelines.

> By its terms, the decision of the Supreme Court in *Johnson* is limited to criminal statutes that define elements of a crime or fix punishments. . . . The Armed Career Criminal Act defines a crime and fixes a sentence, *see* 18 U.S.C. § 924(e), but the advisory guidelines do neither.
>
> The Sentencing Guidelines are merely "the starting point and the initial benchmark," *Gall v. United States*, 552 U.S. 38, 49, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007), designed to "assist . . . the sentencing judge" in determining a sentence, *United States v. Tichenor*, 683 F.3d 358, 364 (7th Cir. 2012) (quoting *United States v. Brierton*, 165 F.3d 1133, 1139 (7th Cir. 1999)). In the end, a

3

sentencing judge "must make an individualized assessment based on the facts presented" and "may not presume that the Guidelines range is reasonable." *Gall*, 552 U.S. at 50, 128 S.Ct. at 596–97. "The sentencing judge's authority to exercise discretion distinguishes the Guidelines from criminal statutes in a significant and undeniable manner." *Tichenor*, 683 F.3d at 365.

The vagueness doctrine, which "rest[s] on [a] lack of notice," *Maynard v. Cartwright*, 486 U.S. 356, 361, 108 S.Ct. 1853, 1857, 100 L.Ed.2d 372 (1988), does not apply to advisory guidelines. The Supreme Court has explained that "[a]ny expectation subject to due process protection . . . that a criminal defendant would receive a sentence within the presumptively applicable guideline range did not survive [the] decision in *United States v. Booker*." *Irizarry v. United States*, 553 U.S. 708, 713, 128 S.Ct. 2198, 2202, 171 L.Ed.2d 28 (2008). Another circuit has already held that "[s]ince the Guidelines are merely advisory, defendants cannot rely on them to communicate the sentence that the district court will impose. Defendants' inability to look to the Guidelines for notice underscores why . . . they cannot bring vagueness challenges against the Guidelines." *Tichenor*, 683 F.3d at 365 (footnote omitted).

'Because there is no constitutional right to sentencing guidelines—or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines—the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague.' *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990).

*United States v. Matchett*, 802 F.3d 1185, 1194-95 (11th Cir. 2015); *In re: Marvin Griffin*, \_\_\_ F.3d \_\_\_, 2016 WL 3002293 at * 4 (11th Cir. May 25, 2016) (even mandatory sentencing guidelines cannot be unconstitutionally vague).

4

It follows that Goodwin cannot look to *Johnson* and § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the clock started the day his conviction became final (December 29, 2010). It ran out on December 29, 2011 (he never appealed or sought post-conviction relief before now), so his motion is untimely by over four years.[2]

Accordingly, Goodwin's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

---

[2] Goodwin also fails to demonstrate (indeed, he never raises the issue) eligibility for equitable tolling of the limitations period. *See Lucas v. United States*, 522 F. App'x 556, 559 (11th Cir. 2013).

**SO REPORTED AND RECOMMENDED** this   20th    day of June, 2016.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA